UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                     CRIMINAL ACTION

V.                                                           NO. 02-0094

CASSANDRA L. SCOTT                                           SECTION F

ORDER AND REASONS

Before the Court is Cassandra Scott's motion to reduce restitution. For the reasons that follow, the motion is DENIED.

**Background**

Cassandra Scott pled guilty to one count of bank larceny in 2002 and was sentenced to five years of probation. Because her crime fell under the Mandatory Victim Restitution Act, Scott was also ordered to pay $39,000 to the victim of her offense, Hibernia Bank, on a payment schedule of $100.00 per month.

After her probation period ended, Scott failed to make any restitution payments for five years. She eventually resumed making monthly payments, but in the monthly amount of $40.00-$75.00. In June 2016, Scott filed a motion to waive restitution, arguing that the restitution obligation made it difficult to provide for her family's basic needs. The Court denied her motion. Since then, she

1

has continued to make her $100.00 monthly payments. She currently owes $18,842.70.

Now, Scott requests that the balance of her restitution debt be reduced due to financial hardship: her college-aged daughter and son that still require her financial support.

I.

The Mandatory Victims Restitution Act (MVRA) requires courts to order restitution to the victims of certain offenses as part of the sentence imposed for those offenses.[1] 18 U.S.C. Section 3664. Courts must order restitution in the amount of the loss to the victim. As the name of the Act states, restitution is mandatory. See United States v. Taylor, 582 F.3d 558, 567 (5th Cir. 2009)("[T]he language of the . . . statutes regarding restitution is plain and allows the district court no discretion.")(quoting United States v. Leon-Delfis, 203 F.3d 103, 115 (1st Cir. 2000)).

Section 3664(f) specifically directs courts to order restitution without consideration of the defendant's economic

---

[1] 18 U.S.C. Section 3664(f)(1)(A) provides that when a defendant is convicted of a crime described in Section 3364(c), then "the court shall order . . . that the defendant make restitution to the victim of the offense. [The MVRA applies to] any offense that is . . . an offense against property under this title . . . [and] in which an identifiable victim or victims has suffered . . . pecuniary loss."

circumstances. See Leon-Delfis, 203 F.3d at 115 ("The Sentencing Commission and Congress were more concerned about the inherent fairness of making crime victims whole than fairness to defendants who were found guilty of financial crimes."). If "the defendant's ability to pay restitution" is affected due to a "material change in the defendant's economic circumstances," however, defendants are instructed to notify the Court. 18 U.S.C. § 3664(k). Upon receipt of such notification, Section 3664(k) gives courts the authority to either "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Id.

Although the Court may alter the payment schedule of restitution due to changes in the defendant's economic situation, its discretion to alter the underlying restitution order is limited. Section 3664(o) makes clear that the restitution order is final and may only be altered: (1) to correct a clerical error; (2) to appeal the sentence as improperly applied; or (3) in order to alter the restitution payment schedule. See 18 U.S.C. § 3664(o). This list is exhaustive. See United States v. Puentes, 803 F.3d 597, 607 (11th Cir. 2015)(noting that "every Circuit Court to consider this issue has indicated that a district court may only modify a mandatory restitution order through one of the means specified in Section 3664(o).")(collecting cases). Accordingly,

3

courts do not have the authority to waive restitution debts or otherwise alter the amount owed by defendants.

II.

Scott asks this Court to reduce its restitution order on the grounds of financial hardship; she claims that she cannot afford her family's basic needs. This mirrors the reasoning to the original motion that was denied by this Court back in June of 2016. The only difference is that Scott presently states that her hardship centers on the fact that she will soon have two children in college. Scott attaches financial documents to the motion showing allotted tuition costs for her son.

In opposing Scott's request, the government points out that this Court has already heard and rejected Scott's argument in June 2016 when she moved this Court to waive her restitution obligation. The government submits that the circumstances have not changed and the Court lacks authority to reduce Scott's remaining balance pursuant to the MRVA. The Court agrees.

Courts must award Restitution to the victims of various crimes, including bank larceny, the crime to which Scott pled guilty. As a result, the Court was statutorily required to impose restitution as part of the defendant's sentence, which it did. When a final restitution order has been issued, as in this case, it can only be altered pursuant to Section 3664(o): to correct a

4

clerical error; to appeal the sentence as improperly applied; or to alter the payment schedule. None of these reasons are implicated here.

Scott has not asked the Court to waive her restitution debt for any of these reasons. She does not ask the Court to correct a clerical error. Nor does Scott allege that the restitution order was illegally imposed; in fact, she fully acknowledges her responsibility for the underlying crime and does not object to her sentence on its merits. Finally, Scott does not request that her payment schedule be altered, she merely asks for the restitution amount to be reduced. Her request is frivolous.

Accordingly, the defendant's motion to reduce restitution is DENIED.

New Orleans, Louisiana, July 16, 2018

*Martin L.C. Feldman*

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE